HEARD APRIL TERM, 1871.

THE SOUTH CAROLINA SOCIETY *vs.* GURNEY, COUNTY TREASURER.

THE HEBREW ORPHAN SOCIETY *vs.* GURNEY, COUNTY TREASURER.

The Court of Common Pleas has no jurisdiction to decide an application for prohibition upon a case agreed upon under Section 389 of the Code—Section 475 of the same Code expressly providing that its provisions should "not affect proceedings by *mandamus* and prohibition."

BEFORE GRAHAM, J., AT CHAMBERS, MARCH, 1871.

This was an application for a writ of prohibition to restrain

William Gurney, County Treasurer of Charleston County, from the collection of certain taxes assessed against the plaintiffs.

A case was agreed upon by the parties to be submitted without action under Section 389 of the Code.

The questions submitted were (1) whether the plaintiffs were institutions of purely public charity, and (2) whether the Court had jurisdiction of the subject-matter so as to grant the relief asked for.

His Honor made no decision upon the first question, but upon the second he decided that the Court had no jurisdiction.

The plaintiffs appealed to this Court upon both questions submitted by the case agreed upon.

*Hayne, Nathans,* for appellants.
*Chamberlain,* Attorney General, contra.

[The arguments of counsel are omitted, as they did not touch upon the ground upon which the case was decided.]

Sept. 15, 1871. The opinion of the Court was delivered by

MOSES, C. J. It appears by the brief that the Circuit Judge refused the application for the prohibition for want of jurisdiction. He has not set forth the reason which induced his conclusion, and we are, therefore, left to determine for ourselves how, as the Judge of a Court, invested by the Constitution with power to issue writs of prohibition, he did not regard himself authorized to consider the point made by the proposed case before him.

The course of practice heretofore prevailing in the Courts of this State in regard to such a writ, was to file a suggestion stating the grounds on which it was prayed, followed by a rule requiring the party against whom it was sought, to shew cause, at a stated time and place, why it should not issue. On the return of the defendant, or his failure to shew cause, the right to the writ was determined.

The Code, in all actions to which it applies, has introduced a new feature in the practice. By Section 389, "parties to a question in difference which might be the subject of a civil action, may in that action agree upon a case containing the facts upon which the controversy depends, and present a submission of the same to any Court which would have had jurisdiction of an action, had it been brought." The parties in the cases before us resorted to this course, and if it was applicable to the remedy through which they sought relief, and no other valid objection was interposed, it was the duty of the Judge to entertain the application, for the purpose and effect of the provi-

sion of the Code, in this particular, are to subject the parties as fully to the judgment of the Court as if one of them had been brought before it by due process, properly served, in the name and at the instance of the other.

The Code, however, in Section 475, enacts " that until the Legislature shall otherwise provide, the second part of this Act shall not affect proceedings by *mandamus* or prohibition." Section 389 is included in the said second part, and the form of procedure in relation to the writ of prohibition therefore remains as it stood before the adoption of the Code.

As we are not furnished with the view which controlled the decision of the Circuit Judge, if it is apparent, as it must be conceded it is, that though invested with power to grant a writ of prohibition, he can only exercise it in a case actually pending before him, and that the form in which these parties presented the issue was not appropriate to the remedy they selected, how can we undertake to say, in the face of the express exception in the Code, that his conclusion is erroneous. The motion is refused and the appeal dismissed.

*Willard*, A. J., and *Wright*, A. J., concurred.